IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-20628

Summary Calendar

---

TYRONE HAMILTON,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF TRANSPORTATION,

Defendant-Appellee.

---

Appeal from the United States District Court
For the Southern District of Texas

---

(H-99-CV-1907)
March 19, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Appellant Tyrone Hamilton brought this action against Appellee Texas Department of Transportation (TDOT), alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964. The district court granted summary judgment on both of Hamilton's claims, and he appeals.

In a case alleging intentional discrimination, the plaintiff has the burden of proving by the preponderance of the evidence a

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*prima facie* case of discrimination.[1] A *prima facie* case is established by a showing that the plaintiff is a member of a protected group, that he was qualified for this position, that he was subjected to an adverse employment action, and that he was replaced by someone outside the protected class.[2]

Hamilton alleges that TDOT discriminated against him on the basis of his race by failing to promote him to the position of District Traffic Section Manager in 1997 and instead promoting Carl T. Reilly, a white male. It is undisputed that the qualifications for that position included a minimum of nine years of experience in traffic studies and analysis or a related area, which could include years of college or graduate-level work in a related field. In order to have the requisite nine years of experience in traffic studies and analysis, Hamilton must count his college years studying engineering and a year of work experience that he does not specify or corroborate in his affidavit. The district court correctly held that Hamilton has failed to produce summary judgment evidence creating a genuine issue of disputed fact as to whether he had the minimum qualifications for the position he sought.

Even if Hamilton could make a *prima facie* showing of discrimination based on the 1997 failure to promote, TDOT had nondiscriminatory reasons for selecting Reilly in 1997. As evidence

---

[1] *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981).

[2] *See Ward v. Bechtel Corp.*, 102 F.3d 199, 202 (5th Cir. 1997).

of pretext, Hamilton claims that TDOT failed to follow its own regulations by promoting Reilly without posting the position for competitive applications. TDOT does not dispute this claim, however it provides undisputed evidence that once it was aware of the error, TDOT stripped Reilly of his promotion and posted the job opening competitively, filling the position in 1999 with a Latino male, a decision that Hamilton does not challenge.

Hamilton has not provided evidence by which a rational jury could infer that TDOT discriminated against him by promoting Reilly. Hamilton received yearly recommendations of promotions and pay raises from the same individual who allegedly discriminated against him on the basis of race. He also does not dispute that Reilly was qualified, and has not provided sufficient evidence that he was qualified for the promotion. The district court properly granted TDOT's motion for summary judgment. AFFIRMED.